## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **ADRIANNA THURMAN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ST. LOUIS COUNTY,** | ) | |
| | ) | |
| **JIM BUCKLES,** in his official | ) | |
| Capacity as Sheriff of St. Louis County; | ) | |
| | ) | |
| **MICHAEL YOUNG,** in his | ) | |
| individual capacity; | ) | |
| | ) | |
| | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is a complaint for declaratory judgment and damages for claims arising out of incidents that occurred in St. Louis County, Missouri, from on or around October 2, 2018, to on or about November 9, 2018. On or about September 20, 2018, Commissioner Mary Greaves of the St. Louis County Family Court issued a body attachment against Plaintiff Adrianna Thurman (hereinafter "Thurman" or "Plaintiff") to compel her cooperation with a genetic paternity test. At the time, Plaintiff was 7 months pregnant. Plaintiff was arrested on the body attachment by St. Louis County Sheriff's Department on or around October 2, 2018. Without ever being provided the opportunity to see the commissioner or a judge, Plaintiff was held involuntarily as an inmate in the St. Louis County Jail for 39 days despite her protests and until she was released. As a result of the incarceration, Plaintiff was further

delayed in her treatment of Stage IV breast cancer, causing the need for additional treatment and the premature delivery of her baby.

2. For the 39 days – approximately 940 hours – she spent in custody of Defendants, Thurman was unlawfully held without due process in violation of her rights under the Fourth and Fourteenth Amendments. In addition, Thurman's Eighth Amendments rights were violated. As a result of the detention, Thurman lost her employment and the stress of incarceration, coupled with untreated breast cancer, caused the premature delivery of her baby.

3. This is a civil action for violation of Thurman's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## PARTIES

4. Plaintiff Adrianna Thurman was, and at all times material hereto has been, a resident of the State of Missouri and the United States of America.

5. Defendant St. Louis County is a political subdivision duly organized and existing under the laws of the State of Missouri. At all times relevant herein, St. Louis County acted through its officials, agents, servants, and employees.

6. Defendant Jim Buckles served as the Sheriff of St. Louis County. He was, and at all times relevant to this action was, an employee of St. Louis County and responsible for administering and overseeing the deputy sheriffs and the St. Louis County Jail, including the hiring, training, disciplining, and dismissing of individual employees of the St. Louis County Sheriff's Department, and the creation, implementation, and execution of Department and Jail policies, protocols, and customs. He is sued in his

official capacity as Sheriff of St. Louis County.

7. St. Louis County Sheriff's Department is an official division of the County of St. Louis, organized and existing pursuant to Missouri law. It is an instrumentality of St. Louis County, organized and controlled pursuant to the Statutes of the State of Missouri.

8. Defendant Michael Young is a clerk of the court in Division 65 under Commissioner Mary Greaves and he is employed by St. Louis County. All of Young's actions set forth in this Complaint were done under color of law. Defendant Young is sued in his individual capacity.

9. Defendants were at all times relevant to this case and in all actions and omissions alleged herein acting under color of law.

## JURISDICTION AND VENUE

10. This cause is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of state law of rights secured by the federal constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendants are located, and all of the incidents giving rise to this suit occurred, in this judicial district.

12. Divisional venue is proper in the Eastern District because all of the events leading to the claims for relief arose in Jefferson County and all Defendants reside in the Eastern Division. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

## FACTS

13. In civil court proceedings in St. Louis County, on July 23, 2018, Plaintiff was ordered to submit her two children for genetic testing as part of a paternity action filed by an ex-boyfriend. There is no indication in the family court's file that a copy of this order was provided to Plaintiff, as she was not present in court for this hearing.

14. Plaintiff, being 7 months pregnant and knowing that the aforementioned ex-boyfriend was not the biological father of her two older children, was informed by her ex-boyfriend of the paternity test, and she refused to produce her children for the testing. Plaintiff further notified the appointed Guardian ad Litem, attorney Margaret Murphy, that the ex-boyfriend had initiated the paternity proceedings as a way to stalk and harass her.

15. The ex-boyfriend's attorney, Heather Highland, nevertheless filed a Motion for Contempt against Plaintiff, and said Motion was not properly served on Plaintiff.

16. On September 20, 2018, as part of the contempt hearing on the paternity proceedings, at which Plaintiff was not present, Family Court Commissioner Mary Greaves issued a writ of attachment, otherwise known as a body attachment, for the arrest of Plaintiff, directing that she be taken into custody and brought before the court. No bond was set and there was no hearing or timeframe set forth in this body attachment.

17. Specifically, the body attachment states that Plaintiff "**shall be held at the Buzz Westfall Justice Center until summoned to Division 65. No bond allowed**" (**emphasis added**).

18. Shortly after the issuance of the body attachment, on or around October 2, 2018, Plaintiff was arrested by St. Louis County Sheriff's Department pursuant to the body

attachment and she was taken to the Buzz Westfall Justice Center in the County of St. Louis (hereinafter "St. Louis County Jail").

19. Once in custody at the St. Louis County Jail, Plaintiff was booked and processed by the St. Louis County Sheriff's Department.

20. On or around October 3, 2018, Plaintiff was woken up early by jail staff and escorted to the "bullpen" to wait to see Commissioner Greaves, pursuant to the executed body attachment.

21. Plaintiff waited approximately 2-3 hours and was never brought before the commissioner, pursuant to the body attachment. Plaintiff was then escorted back to the St. Louis County Jail, where she waited to see the commissioner again for 37 days.

22. Plaintiff did not receive the standard accommodations as a pregnant woman by the jail staff, e.g., an extra mattress and an extra blanket. She was routinely rushed and treated rudely by the jail staff, despite her very visible pregnancy

23. Throughout her time in custody, Plaintiff repeatedly asked guards to speak with a caseworker or other staff member to discuss why she was incarcerated on a civil matter. Said guards were employees and agents acting on behalf and under the direction of Defendants. Plaintiff was informed that there was no process or assistance available to her to remedy the lack of due process and that nothing could be done until she was summoned to speak with the commissioner.

24. During Plaintiff's incarceration, her ex-boyfriend's attorney, Heather Highland, repeatedly contacted the division clerk of the court, Defendant Michael Young, and requested that he set a hearing on the body attachment so that Plaintiff could be

brought before the commissioner. Defendant Young refused to set the hearing, instead shifting blame to the St. Louis County Jail and instructing counsel that it was up to the jail staff to contact him with regards to setting a hearing.

25. Attorney Highland made repeated requests of Defendant Young to set the issue for hearing before Commissioner Greaves, but Defendant Young continually refused to do so and shifted responsibility to the St. Louis County Jail.

26. Revised Missouri Statute §491.160 states that once a writ of attachment has been ordered and executed by the sheriff's department, "the clerk shall issue such writ accordingly, stating therein the day on which the cause is set for trial, as the day of his appearance." In other words, Missouri law places the responsibility squarely on the clerk of the court to set the cause for hearing before the court after a writ of attachment, or body attachment, has been issued by a judge and executed by the sheriff's department.

27. There is no policy or custom in place in the State of Missouri or St. Louis County that causes or requires a personal arrested on a civil warrant to be brought promptly before a judge. In practice, persons arrested pursuant to a civil warrant may be held indefinitely without access to the court, in violation of the rights afforded by both the U.S. and Missouri constitutions.

28. Further, Revised Missouri Statute §491.170 states that "[w]hen a writ of attachment, authorized by section 491.160, shall be executed, the sheriff or other officer shall discharge such witness, on his entering into a recognizance to the state of Missouri, with sufficient security, in the sum of one hundred dollars, which the officer

executing the writ is authorized to take, conditioned for the appearance and due attendance of such witness according to the exigency of such writ."

29. At no point did the St. Louis County Sheriff's Department or St. Louis County Jail inform Plaintiff of her rights afforded to her by the U.S. Constitution or the laws of Missouri, especially with regards to §491.170 and the bond to which she was entitled and not afforded.

30. Despite her very visible pregnancy and repeated requests to see a doctor, Plaintiff was not able to see a facility physician for nearly two weeks after she was incarcerated.

31. Plaintiff was later informed by jail staff that she "slipped through the cracks" while she was incarcerated, as the staff was untrained and unaware of how to handle inmates who were incarcerated on a civil warrant such as the writ of attachment.

32. After Plaintiff had been incarcerated for 38 days, on November 8, 2018, she was finally brought before Commissioner Greaves, who instead lectured Plaintiff on failing to submit her children for a paternity test and remanded Plaintiff back to the custody of the St. Louis County Jail. Plaintiff was still not released, even though she had been in custody for 38 days on a civil matter.

33. On or around November 9, 2018, and after realizing that Plaintiff was now 8 months pregnant, Attorneys Highland and Murphy appeared before Judge Mary Elizabeth Ott on an emergency motion to release Plaintiff from incarceration.

34. After Plaintiff's release from custody, as a direct result of the wrongful incarceration, Plaintiff prematurely gave birth to her daughter.

35. During postnatal testing and follow-ups, Plaintiff's doctors discovered that she had Stage IV breast cancer, which otherwise could have been caught and treated had Plaintiff not been incarcerated for so long and able to see her regular obstetrician for her pregnancy check-ups.

36. As a direct and proximate result of the actions and inactions of Defendants, Plaintiff suffered the following injuries and damages:

    A. Loss of her physical liberty for 39 days;

    B. Loss of her employment, place of residence, and prospective employment opportunities; and

    C. Violation of her constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to be free from incarceration without due process.

## COUNT I – FOURTH AMENDMENT

37. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 36 as though fully set forth in this Count I.

38. The seizure and subsequent 39-day confinement of Plaintiff was unreasonable.

39. It was the policy or custom of St. Louis County to inadequately train and supervise its employees to avoid the unreasonable seizure and confinement of Plaintiff's person.

40. Defendant Young's refusal to set the writ of attachment for hearing before the Court, pursuant to multiple attorney requests, directly contributed to the extended wrongful confinement of Plaintiff.

41. If Plaintiff prevails she is entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

## COUNT II - FOURTEENTH AMENDMENT

42. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 36 and 37 through 40 as though fully set forth in this Count II.

43. At all dates relevant to this action, St. Louis County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the custody of St. Louis County, Missouri, which caused the violation of Plaintiff's rights.

44. It was the policy, custom, or both of St. Louis County to arrest and detain individuals on civil body attachments without providing and ensuring prompt access to the judicial system or taking adequate steps to ensure the continuing validity of the body attachment.

45. In addition, it was the policy, custom, or both of St. Louis County to inadequately train or supervise its employees to provide a grievance process to persons such as Plaintiff whose rights to due process are being violated.

46. Defendant Buckles is responsible for the establishment and implementation of the policies, and lack of policies, that caused the deprivation of Plaintiff's rights in St. Louis County.

47. Federal due process did not permit Defendants to detain Plaintiff indefinitely (or for 39 days) without additional procedural protections.

48. Defendants' conduct shocks the conscience.

49. If Plaintiff prevails, she is entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

## COUNT III – EIGHTH AMENDMENT

50. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 36, 37 through 40, and 41 through 49 as though fully set forth in this Count III.

51. Defendants have failed to establish and maintain reasonable safeguards to ensure that persons in their custody were in their custody lawfully and afforded due process.

52. If Plaintiff prevails, she is entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants;

    B. Enter a declaratory judgment that the policy or custom of detaining persons on a body attachment without prompt access to the judicial system is unconstitutional;

    C. Award Plaintiff compensatory and punitive damages against Defendants;

    D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and any other applicable provisions of law; and

    E. Allow to Plaintiff such other relief as is just.

## REQUEST FOR JURY TRIAL

Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## **VERFICATION**

ADRIANNA THURMAN, of lawful age, being first duly sworn on oath, deposes and says that she has read the foregoing Verified Petition, knows the contents thereof, and that the statements and allegations therein contained are true and accurate to the best of her knowledge and belief.

_____                    *Adrianna Thurman*

                                                          ADRIANNA THURMAN, Plaintiff


STATE OF MISSOURI          )
                           ) ss
CITY OF ST. LOUIS          )


Subscribed and sworn to before me, this 2 day of April _____, 2019.

                                               _____
                                                          Notary Public

_____
My Commission Expires:

SAVANNAH DOWNS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 15302124
My Commission Expires 11-15-2021

                                        Respectfully submitted

                                        */s/ Chelsea K. Merta*
                                        Chelsea K. Merta, MO66876
                                        Lotus Law & Legal Services, LLC
                                        1409 Washington Avenue, Suite 211
                                        St. Louis, Missouri 63103
                                        (314) 896 – 3782
                                        chelsea@lotuslawllc.com
                                        Attorney for Plaintiff