UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ADRIANNA THURMAN, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:19-cv-00828-SRC |
| ST. LOUIS COUNTY, et al., | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Adrianna Thurman's Request to Dismiss Pursuant to Rule 41(a) [57]. The Court grants Thurman's motion to dismiss.

## I. BACKGROUND

Thurman filed her original complaint on April 5, 2019, asserting claims for declaratory judgment and damages under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983. All properly-served defendants moved to dismiss for failure to state a claim. Thurman then requested and received leave to amend her complaint. Thurman filed her first amended complaint on June 17, 2019. Again, all defendants moved to dismiss under Rule 12(b)(6). Thurman then requested leave to file a second amended complaint, but the Court denied that request without prejudice for failure to comply with this Court's Judge's Requirements. On September 16, 2019, Thurman filed the present motion, asking the Court to dismiss the action without prejudice. In opposition, Defendant Jennifer Bello-Kottenstette argues that the case should be dismissed with prejudice because Thurman's deadline to file an amended pleading stating a viable cause of action has passed.[1] Doc. 58. On

---

[1] No other defendant opposes Thurman's request for dismissal.

1

September 26, 2019, the Court ordered Thurman to show cause why dismissal should be entered without prejudice. Both Thurman and Bello-Kottenstette have filed memoranda in response to the Court's Show Cause Order.

## II. STANDARD

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to dismiss an action, without a court order and without prejudice by filing either (i) a notice of dismissal before the opposing party has served either an answer or a motion for summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared. Except for the narrow circumstances described in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The district court has discretion in deciding whether to allow a plaintiff to voluntarily dismiss an action under Rule 41(a)(2). *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017). The district court "has a range of choice, and [ ] its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* When deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2), the court must consider the following factors: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendants. *Id.* "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017). However, a party may not voluntarily dismiss merely to escape an adverse decision or to seek a more favorable forum. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

**III. DISCUSSION**

Thurman requests dismissal "pursuant to Federal Rule of Civil Procedure 41(a)". Doc. 57. Because neither of the circumstances described in Rule 41(a)(1) apply here, the Court treats Thurman's request for dismissal as made pursuant to Rule 41(a)(2). Therefore, dismissal requires leave of Court.

**A. Explanation for Request to Dismiss**

The Court first considers whether Thurman has presented a proper explanation for her desire to dismiss. Thurman's initial Request for Dismissal, Doc. 57, made no attempt to explain or justify her request for dismissal. In response to this Court's Show Cause Order, Thurman's attorney, Chelsea Merta, argues that the case should be dismissed without prejudice because her failure to file timely responses to Defendants' Motions to Dismiss was a result of excusable neglect. Doc. 60. Specifically, Ms. Merta represents that she was unable to file any documents with this Court because all of her electronic devices—including laptops, cell phones, and tablets—were temporarily inaccessible because they were impounded as part of an unrelated legal proceeding to which Ms. Merta is a party. *Id.*, at 1-2.

The Court credits Ms. Merta's explanation and finds that Thurman (by counsel) was generally unable to make any filings with this Court between August 15, 2019 and September 16, 2019. However, while this explains why Thurman did not timely respond to Defendants' Motions to Dismiss, it does not, standing alone, explain why Thurman now desires to dismiss the action. The Court finds sufficient explanation for Thurman's request to dismiss in the following portion of Ms. Merta's response to the Show Cause Order:

> Immediately upon receipt of Counsel's electronic devices, on September 16, 2019, Counsel called Plaintiff and advised her of the situation related to the court filings and deadline. With consent of Plaintiff, Counsel filed with this Court the Voluntary Notice of Dismissal on about September 16, 2019.

Doc. 60, at 2. While perhaps less explicit than it should be, this explanation directly ties Thurman's decision to dismiss the case to Ms. Merta's failure to meet filing deadlines because of her own legal troubles, from which the Court infers that Thurman desires to dismiss the case due to her counsel's demonstrated inability to effectively carry out the representation. The Court finds no indication that Thurman seeks dismissal merely to seek a more favorable forum. Nothing in the record indicates that Thurman seeks dismissal merely to escape an adverse decision.[2] Accordingly, the first factor weighs in Thurman's favor.

### B. Whether Dismissal Would Result in a Waste of Judicial Effort

The Court next considers whether granting dismissal without prejudice would result in a waste of judicial time and effort. Of course, every dismissal without prejudice results in some use of judicial time and effort, because the effect of such dismissal "is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996). In this case, any waste of judicial time and effort is *de minimis*. The case is only six months old. The Court has not ruled on any substantive motions or presided over a Rule 16 conference. District courts in this Circuit have granted dismissals without prejudice in cases far more advanced than this one. *See, e.g., United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty-Six Cents*, 79 F. Supp. 3d 927, 932 (N.D. Iowa 2015), *aff'd sub nom. United States v. Thirty-two thousand eight hundred twenty dollars & fifty-six cents ($32,820.56) in United States Currency*, 838 F.3d 930 (8th Cir. 2016) (granting dismissal without prejudice after close of discovery); *see also Kern v. TXO Prod. Corp.*, 738 F.2d 968 (8th Cir. 1984) (affirming dismissal without prejudice granted after start of trial).

---

[2] As noted above, the Court finds Thurman's failure to respond to Defendants' Motions to Dismiss excusable in light of her counsel's unrelated legal troubles. Thus, the parties had not yet fully briefed Defendants' Motions to Dismiss when Thurman filed her request for dismissal.

### C. Whether Dismissal Will Prejudice Defendants

The Court next considers whether granting dismissal without prejudice will result in legal prejudice to Defendants. For purposes of deciding whether to grant a motion for voluntary dismissal, "legal prejudice" is more than just the fact that a defendant might have to defend another action. *Blaes,* 858 F.3d at 513. "Neither the expense and effort of drafting and responding to discovery nor the loss of a tactical advantage constitute legal prejudice." *Id.* To the extent that Bello-Kottenstette has argued that any prejudice will result from dismissing this action without prejudice, it is only the potential inconvenience and expense of having to defend another action. Bello-Kottenstette argues that "plaintiff has been given every opportunity to plead a legally-viable case and has not been able to do so." Doc. 61. If Bello-Kottenstette is correct that Thurman cannot state any legally-viable cause of action against her, then any future claim will not survive a motion to dismiss. That Bello-Kottenstette may be required to file that motion in a future action does not constitute legal prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Adrianna Thurman's motion to dismiss without prejudice is GRANTED. This action is hereby dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

So Ordered this 24th day of October, 2019.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**